Filed 12/13/2022 8:37 AM
Nicole Hernandez
District Clerk
Upshur County, Texas
Reviewed By: Maelynn P

Cause No. 586-22

| | | |
|---|---|---|
| STATE FARM LLOYDS AS SUBROGEE OF MELISSA FLEMING, <br> Plaintiff, | § <br> § <br> § <br> § | IN THE DISTRICT COURT |
| vs. | § <br> § | UPSHUR COUNTY, TEXAS |
| KIA AMERICA, INC., <br> Defendant. | § <br> § <br> § | 115th JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, STATE FARM LLOYDS AS SUBROGEE OF MELISSA FLEMING,** hereinafter referred to as "Plaintiff," and complains of **KIA AMERICA, INC.** ("Defendant" and/or "Kia"), and for cause of action would respectfully show the Court as follows:

#### I. DISCOVERY

Discovery in this suit is intended to be conducted under Level Three of the Texas Rules of Civil Procedure unless otherwise ordered by the Court.

#### II. PARTIES, VENUE AND JURISDICTION

1. Plaintiff, **STATE FARM LLOYDS AS SUBROGEE OF MELISSA FLEMING**, as the real party in interest, is an insurance company doing business in the State of Texas.

2. Defendant **KIA AMERICA, INC.** is a foreign for-profit corporation doing business in the State of Texas. A copy of the Petition and Citation may be served upon its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3. The "Property" is located at 1209 N Culver Street Gladewater, Texas 75647.

4. The vehicle insured by Plaintiff was a 2009 Kia Borrego, bearing Vehicle Identification Number KNDJJ741595025487.

5. Venue of this suit is proper in Upshur County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because the events or omissions giving rise to the claims made herein occurred in Upshur County.

**PLAINTIFF'S ORIGINAL PETITION – Page 1**

6. The Court has jurisdiction over Defendant because it is a company authorized to conduct business and/or conducting business in the State of Texas. The Court has jurisdiction over the controversy because the damages sued for are within the jurisdictional limits of this Court.

7. The injury complained of herein was inherently undiscoverable and objectively verifiable and, consequently, Plaintiff invokes the discovery rule.

8. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

### III. PRODUCTS LIABILITY

This lawsuit involves products liability claims arising from the design, manufacturing, and/or marketing defects of a 2009 Kia Borrego, bearing Vehicle Identification Number KNDJJ741595025487 (hereinafter referred to as "vehicle" or "vehicle in question"), which was designed, manufactured, distributed and/or marketed by Defendant. At all times mentioned herein, Defendant was engaged in the business of designing, manufacturing, distributing and/or marketing the same model of automobile as the vehicle in question to the general public, throughout the United States, as well as within the State of Texas.

Defendant designed, manufactured, marketed, distributed and/or placed into the stream of commerce the vehicle in question which reached Melissa Fleming in the same or substantially the same condition in which it was sold.

### IV. FACTUAL BACKGROUND

Melissa Fleming was the owner of the vehicle in question. At all relevant times herein, Melissa Fleming was the owner of the residence, as well as the personal property, located at 1209 N Culver Street Gladewater, Texas 75647 (the "Property"). At all relevant times, the Property was insured by an insurance policy issued by State Farm Lloyds.

On or about May 17, 2022, a fire started in the engine compartment of the vehicle in question. On information and belief, the cause of the fire was a defect in the vehicle in question's electrical system. The fire spread from the vehicle in question to the Property. As a result of the fire, the real and personal property of Melissa Fleming was damaged and/or destroyed. Further, as a result of the fire, the Property was uninhabitable for a substantial amount of time.

As a direct, proximate, and producing result of the failure of Defendant's product, Melissa Fleming's real and personal property was damaged and/or destroyed, and her home was

PLAINTIFF'S ORIGINAL PETITION – Page 2

Exhibit A-1

uninhabitable for a substantial amount of time. Pursuant to an insurance policy in effect for the date of loss, State Farm Lloyds has compensated Melissa Fleming for the covered losses she has incurred. State Farm Lloyds now brings this subrogation action against Defendant to recover for the damages it incurred.

### V. CAUSES OF ACTION AGAINST DEFENDANTS

#### Count One -- Strict Liability

Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

The vehicle in question was defective and unsafe for its intended purpose at the time it left Defendant's control. Defendant knew, or in the exercise of reasonable care, should have known, that the vehicle in question was defective and that it presented the probability of harm to any foreseeable users unless it was free from defect. Therefore, Defendant owed a duty to foreseeable users, and to Melissa Fleming in particular, to inspect the vehicle in question, to determine whether it would be reasonably fit for its intended purposes, and to warn or give fair and adequate notice of the inherently dangerous condition that existed as a result of the improper design, assembly, and/or manufacture of the vehicle in question.

There was a design defect in the vehicle in question at the time it left the possession of Defendant that was a producing cause of the occurrence in question and damages set forth herein. The design defect rendered the vehicle in question unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. A safer alternative design existed that would have prevented or significantly reduced the risk of the occurrence in question without substantially impairing the product's utility and was economically and technically feasible at the time the product left the control of Defendant by the application of existing or reasonably achievable scientific knowledge.

There was a manufacturing defect in the vehicle in question at the time it left the possession of Defendant that was a producing cause of the occurrence in question and the damages as set forth herein. As a result of the manufacturing defect, the vehicle in question was in an unreasonably dangerous condition; i.e., the vehicle in question was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

There was a defect in the marketing of the vehicle in question at the time it left the

Exhibit A-1

possession of Defendant that was a producing cause of the occurrence in question and damages set forth herein. Defendant failed to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known or failed to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

Plaintiff alleges that the damages incurred by Melissa Fleming were a direct and proximate result of the defective condition of the vehicle in question. Further, Melissa Fleming was not aware of any defects inherent in the vehicle in question or of any danger that could result from the use thereof at the time she made use of the vehicle in its intended manner. Therefore, Plaintiff invokes the doctrine of strict liability in tort.

### Count Two – Negligence

Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

Plaintiff would show that on the occasion in question Defendant owed a duty to exercise ordinary care in the design, preparation, manufacture, assembly, distribution, and sale of its products. The vehicle in question was defective and unsafe for its intended purpose at the time it left Defendant's control and at the time it was used by Melissa Fleming. The vehicle in question was defective in that it failed to conform to the product design and specifications of other similar products. Defendant breached its duty and, as a direct and proximate result of its negligence, caused Melissa Fleming to suffer damages.

Plaintiff would show that the negligent acts and/or omissions on the part of Defendant were the proximate cause of Plaintiff's damages in an amount within the jurisdictional limits of this Court.

### VI. RES IPSA LOQUITUR

Plaintiff cannot more specifically allege the acts of negligent design, assembly, and/or manufacture on the part of Defendant because facts in that regard are peculiarly within the knowledge of Defendant.

Therefore, Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence, and that the design, assembly, and manufacture of the vehicle in question was within the exclusive control of Defendant at the time the negligence probably occurred. Plaintiff has no means of ascertaining

the method or manner in which the Defendant's product was designed, manufactured, and/or tested.

In the event Plaintiff is unable to prove specific acts of negligent design, manufacture, assembly, testing, and/or marketing, Plaintiff asserts and relies on the doctrine of *Res Ipsa Loquitur*.

## VII. DAMAGES

As a result of the acts and/or omissions on the part of Defendant, Melissa Fleming sustained damage to her real and personal property, and incurred loss of use damages, in the amount of **$291,474.69**. Pursuant to an insurance policy in effect for the date of loss, State Farm Lloyds compensated Melissa Fleming for the covered damages she incurred as a result of the fire in question. State Farm Lloyds is exercising its rights to contractual and equitable subrogation by filing this lawsuit against Defendant. After allowing for all just and lawful offsets, payments, and credits, Defendant continues to be indebted to Plaintiff in the total amount of **$291,474.69**.

Plaintiff hereby asserts its claim for general damages, damages for cost of repair, and damages for loss of use, as described above. All conditions precedent to Plaintiff's recovery have been performed or have occurred as required.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **STATE FARM LLOYDS AS SUBROGEE OF MELISSA FLEMING**, requests that Defendant, **KIA AMERICA, INC.**, be cited to appear and answer herein, and that on final hearing, Plaintiff recover:

1. A judgment against Defendant for actual damages in at least the amount of **$291,474.69**;
2. A judgment against Defendant for all costs of court incurred by Plaintiff;
3. A judgment against Defendant for pre- and post-judgment interest as allowed by law;
4. A judgment against Defendant for such other and further relief, both general and specific, in equity and at law, to which Plaintiff may be justly entitled.

Respectfully submitted,

**CARPENTER & SCHUMACHER, P.C.**

By: */s/ Douglas C. Heuvel*
    **N. Scott Carpenter**
    State Bar No. 00790428
    **Douglas C. Heuvel**
    State Bar No. 24036772
    Parkway Centre V
    2500 Dallas Parkway, Suite 495
    Plano, Texas 75093
    (972) 403-1133
    Fax (972) 403-0311
    *scarpenter@cstriallaw.com*
    *dheuvel@cstriallaw.com*
*ATTORNEY FOR PLAINTIFF STATE FARM LLOYDS AS SUBROGEE OF MELISSA FLEMING*